## MATTER OF GUR

### In Visa Petition Proceedings

### A–21032374

*Decided by Board March 2, 1977*

(1) In order to support a claimed "brother" or "sister" relationship under section 203(a)(5) of the Immigration and Nationality Act, the petitioner must establish that both he and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act

(2) Notwithstanding the fact that petitioner was over 21 years of age when the marriage which created the steprelationship between the petitioner and beneficiary took place, the beneficiary qualifies as the petitioner's stepbrother and the visa petition will be granted.

(3) *Matter of Garner,* Interim Decision 2357 (BIA 1975): distinguished; *Matter of Heung,* Interim Decision 2334 (BIA 1974), followed.

ON BEHALF OF PETITIONER:
David Carliner, Esquire
Suite 931, Investment Building
1511 K Street, N.W.
Washington, D.C. 20005

ON BEHALF OF SERVICE:
Mary Jo Grotenrath
Appellate Trial Attorney.

BY: Milhollan, Chairman; Wilson, Torrington, Maniatis, and Appleman, Board Members

The United States citizen petitioner applied for preference status for the beneficiary as his brother under section 203(a)(5) of the Immigration and Nationality Act. In a decision dated August 16, 1974, the District Director denied the visa petition. The petitioner has appealed from that denial. The appeal will be sustained.

In order to support a claimed "brother" or "sister" relationship under section 203(a)(5) of the Act, the petitioner has to establish that both he and the beneficiary once qualified as "children" of a common "parent" within the meaning of sections 101(b)(1) and (2) of the Act. *Matter of Garner,* Interim Decision 2357 (BIA 1975); *Matter of Heung,* Interim Decision 2334 (BIA 1974).

The petitioner claims that the beneficiary is his stepbrother and that they are "children" of a common "parent," namely, the petitioner's father. The District Director, however, rejected the petitioner's claim on the ground that, because the petitioner was over 21 years of age at

the time of his father's marriage to the beneficiary's mother, the petitioner did not become the stepchild of the beneficiary's mother. He conceded that the beneficiary, five years old at the time of the marriage, became the stepchild of the petitioner's father within the meaning of the Act.

Counsel for the petitioner argues on appeal that, under the Board's decision in *Matter of Heung, supra,* the beneficiary qualifies as the petitioner's stepbrother, notwithstanding the fact that the marriage creating the steprelationship occurred when the petitioner was over 21 years of age. We agree.

In *Heung,* the petitioner was 22 years old when his mother married the beneficiary's father. We held there that the beneficiary became the stepchild of the petitioner's mother and that the petitioner and the beneficiary therefore had a common "parent" and were "children" within the meaning of section 101(b)(1) and (2) of the Act.

The District Director cites *Matter of Garner, supra,* in support of his decision. In *Garner,* the Board held that, because the beneficiary was over 18 at the time of the marriage between her mother and the petitioner's father, no steprelationship was created under the Act. Unlike the beneficiary in *Garner,* the beneficiary in the present case was five years old when his mother married the petitioner's father.

Under the Board's decision in *Matter of Heung, supra,* the petitioner and beneficiary are "brothers" for the purposes of section 203(a)(5) of the Act. Accordingly, the appeal will be sustained and the petition will be granted.

ORDER: The appeal is sustained; the visa petition is granted.